**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **RECKO ELLIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| VS. | : | **NO. 7:07-CV-68 (HL)** |
| | : | |
| **OFFICER YORK, LIEUTENANT BELL,** | : | |
| and **OFFICER BELLFLOWER[1],** | : | |
| | : | |
| **Defendants.** | : | |

### RECOMMENDATION

This is a § 1983 action brought by an individual who at best must be considered as a recreational filer inasmuch as he filed a total of eighteen § 1983 actions in this court between December 26, 2006, and July 23, 2007. This lawsuit stems from his allegations that while Plaintiff was detained at the Lowndes County Jail the captioned defendants, members of the Valdosta Police Department, told other detainees at jail that Plaintiff was an informant or snitch for them. This allegedly caused Plaintiff to be beaten by the inmates. This recommendation addresses two pending motions

*Plaintiff's Motion for a Restraining Order (R. at 22)*

Fatal to Plaintiff's motion is the fact that it has not been served upon defendants and the court therefore may not address the motion on the merits. Plaintiff's 'certificate of service' states that, "I hereby certify that this order be submitted to the court [sic] of court for ruling and that a copy be sent back to the Plaintiff by U. S. Mail." There is absolutely nothing in this record

---

[1]Counsel for defendants states in the answer filed herein that the Valdosta, Georgia Police Department does not have an Officer Bellflower employed, now or at the time of the circumstances giving rise to this lawsuit, but that they are defending in his behalf out of an abundance of caution.

to show service of this motion upon defendants. As an indicia of lack of service on it is noted that defendants have not filed a response.

Were the court to address the motion on the merits the following is noted. As to Defendant York, whose conduct is sought to be restrained, the motion is rendered moot by the fact that the alleged conduct on the part of this Defendant occurred while Plaintiff was detained at the Lowndes Country Jail. Plaintiff is now serving a prison sentence in the state of Florida. A prisoner's claim for declaratory and injunctive relief is mooted by his transfer or release from the facility about which he complains. Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir.1986); McKinnon v. Talladega County, Alabama, 745 F.2d 1360 (11th Cir.1984).

Plaintiff alleges that Defendant Bell calls him as often as three times per day to threaten him and curse at him. Quite candidly the undersigned doubts that the Florida prison will allow an inmate the privilege of talking on the phone at will. Further, it is very likely that Defendant Bell as a police officer has better things to do with his time than call the Plaintiff on a daily basis to harass him.

More importantly however, allegations of verbal threats, defamation, and discriminatory remarks by prison officials (police officers) do not state a claim of deprivation of rights under 42 U.S.C. §1983. *Stacey v. Ford,* 554 F.Supp. 8, 9 (N. D. GA. 1982), *Gaut v. Sunn,* 810 F.2d 923 (9th Cir. 1987).

For all of the above reasons it is the recommendation of the undersigned that Plaintiff's motion for a restraining order be **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Defendants' Motion to Dismiss (R. at 30)*

Plaintiff signed his complaint on June 14, 2007, and the same was received by the court on June 18, 2007 (R. at 1). The Defendants filed their answer and the instant motion to dismiss on November 13, 2007. The court gave Plaintiff its customary courtesy notice of the filing of the motion on November 14, 2007, which invited him to respond and advised him of the potential peril he was facing in the absence of a response (R. at 33). The Plaintiff has failed to respond.

The sole reason urged by Defendants in their motion to dismiss is that Plaintiff has previously entered into a settlement and release agreement whereby for consideration received he released these defendants from any liability for the very acts about which he complains. Attached to Defendants' memorandum in support of their motion as exhibit "A" is a copy of the settlement and release agreement which clearly releases these Defendants from any liability to the Plaintiff for the complained of conduct (R. at 31).

Plaintiff entered into the settlement on May 16, 2007, almost one month prior to his filing this lawsuit. He is therefore in violation of the portion of the settlement agreement wherein he covenants not to sue any of the releasees for the complained of occurrence. The undersigned is mindful that when considering a motion to dismiss consideration of matters outside the pleadings generally necessitates converting the motion to one seeking summary judgment unless the court can take judicial notice of the document(s) being offered.

After having given these circumstances due consideration the court has determined that Defendants' "Motion to Dismiss" is a misnomer. Defendants' motion is in fact a Motion to Enforce a Settlement Agreement, which obviously requires consideration of the settlement and release agreement. The case of *Recko Ellis v. Officer Shaprell, Officer Berry, Capt. Peete, Lt. Elkins, Lt Crews, Sgt. Swain, and Robert Renfroe, 7:07-CV-3(HL)* involves the same alleged misconduct as in the instant case and gave rise to the release and settlement agreement involved

here. Subsequent to settlement in that case the defendants who were members of the Valdosta Police Department filed a motion to dismiss predicated upon the settlement agreement. The undersigned ordered the Plaintiff to show cause why the released defendants should not be dismissed from that lawsuit and Plaintiff responded by acknowledging that they should indeed be dismissed. The only difference here is that Plaintiff filed suit against these defendants almost a month after having previously settled with them.

For the above and foregoing reasons it is the RECOMMENDATION of the undersigned that Defendants' motion to dismiss which has been shown to be more appropriately considered as a motion to enforce the settlement agreement be GRANTED. As pointed out earlier defense counsel states the no Officer Bellflower has worked for the Valdosta Police Department (see Exhibit "B" to document 31). Inasmuch as this defendant does not exist and the undersigned has recommended that the two existing Defendants be dismissed, it is the further RECOMMENDATION that Defendant Bellflower be dismissed as well and that this case be closed. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 16th day of January 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE